**UNITED STATES of America,**

v.

**Edwin RODRIGUEZ.**

**No. CRIM.A. 94–0192–10.
C.A. No. 99–5468.**

United States District Court,
E.D. Pennsylvania.

· March 28, 2001.

---

## MEMORANDUM AND ORDER

HUTTON, District Judge.

Currently before the Court is Edwin Rodriguez's Motion to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. § 2255 (Docket No. 481), the Government's Memorandum in Opposition to said Motion (Docket No. 486), and the Petitioner's Supplemental Submission (Docket No. 493).

### I. FACTUAL BACKGROUND

On May 3, 1994, Petitioner was indicted for conspiracy to distribute cocaine (Count 1), unlawful use of a telephone (Count 7),

and criminal forfeiture (Count 30). Ultimately, Petitioner was tried solely on Count 1 of the indictment in a jury trial commencing on May 6, 1996, with any forfeiture determinations to be considered at the conclusion of the jury's deliberations.

On November 20, 1996, following a guilty verdict, a sentencing hearing was held. As a result, the Court sentenced Edwin Rodriguez to a term of imprisonment of 360 months, a ten year term of supervised release, a fine of $5,000, and a special assessment of $50. The forfeiture count was dismissed as to Petitioner.

Following the imposition of sentence, Petitioner filed an appeal of his conviction and sentence to the United States Court of Appeals for the Third Circuit, Number 97–1937. On October 26, 1998, the Judgment of the Court was affirmed. On February 21, 1999, Petitioner's Writ of Certiorari was denied.

As a result, Petitioner filed the instant Motion pursuant to 28 U.S.C. § 2255 raising three grounds for relief. First, Petitioner claims that he was denied his right to testify in his own defense at trial because counsel refused to allow him to take the witness stand. *See* Pet'r Mem. of Law at 1. Second, Petitioner asserts that his counsel was ineffective for failing to challenge the quantity of drugs for which Petitioner was responsible. *See* Pet'r Mem. of Law at 2. Third, Petitioner asserts that his prior drug conviction was improperly used to enhance his current sentence. *See* Pet'r Mem. of Law at 4.

On July, 27, 2000, pursuant to *United States v. Miller*, 197 F.3d 644 (3d Cir. 1999), the Petitioner was given the opportunity to amend his Motion to include all cognizable claims, or proceed with the Motion as filed. The Petitioner responded by filing a Supplemental Submission which included two additional claims based upon the Supreme Court's decision in *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). The Petitioner asserts that in light of *Apprendi*, 21 U.S.C. § 841(b) is unconstitutional and therefore, his conviction and indictment under that statute must be vacated. *See* Pet'r Supplemental Submission at 4. In addition, he argues that because drug quantity was never submitted to the jury, *Apprendi* requires that his indictment be dismissed. *See* Pet'r Supplemental Submission at 4.

## II. DISCUSSION

■ A prisoner who is in custody pursuant to a sentence imposed by a federal court who believes "that the sentence was imposed in violation of the Constitution or laws of the United States, ... or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255 (West 2001). The district court is given discretion in determining whether to hold an evidentiary hearing on a prisoner's motion under section 2255. *See Government of the Virgin Islands v. Forte*, 865 F.2d 59, 62 (3d Cir.1989). In exercising that discretion, the court must determine whether the petitioner's claims, if proven, would entitle him to relief and then consider whether an evidentiary hearing is needed to determine the truth of the allegations. *See Government of the Virgin Islands v. Weatherwax*, 20 F.3d 572, 574 (3d Cir.1994).

■ Prior to addressing the merits of the petitioner's claims, the court should consider if they are procedurally barred. *See United States v. Essig*, 10 F.3d 968, 976 (3d Cir.1993). A petitioner under section 2255 is procedurally barred from bringing any claims on collateral review which could have been, but were not,

raised on direct review. *See Bousley v. United States,* 523 U.S. 614, 621, 118 S.Ct. 1604, 1610, 140 L.Ed.2d 828 (1998)(exception to procedural default rule for claims that could not be presented without further factual development); *United States v. Biberfeld,* 957 F.2d 98, 104 (3d Cir.1992). Once claims have been procedurally defaulted, the petitioner can only overcome the procedural bar by showing "cause" for the default and "prejudice" from the alleged error. *See Biberfeld,* 957 F.2d at 104 (stating "cause and prejudice" standard). In this context, "cause" consists of "something external to the petitioner, something that cannot be fairly attributable to him," and "prejudice" means that the alleged error "worked to [the petitioner's] actual and substantial disadvantage." *See Coleman v. Thompson,* 501 U.S. 722, 753, 111 S.Ct. 2546, 2566, 115 L.Ed.2d 640 (1991)(defining "cause"); *United States v. Frady,* 456 U.S. 152, 170, 102 S.Ct. 1584, 1595, 71 L.Ed.2d 816 (1982)(defining "prejudice").

## A. *Ineffective Assistance of Counsel*

■ The Petitioner's first two claims surround allegations that his counsel was ineffective in violation of his sixth amendment right to reasonably effective assistance of counsel. *See* U.S. Const. amend. VI. As these claims were never raised on direct appeal, they would normally be considered barred from collateral review. However, because an ineffective assistance of counsel claim often relies on matters outside of the factual record on appeal and the defendant is often represented on appeal by the same counsel as at trial, courts have held that "in general an ineffective assistance claim which was not raised on direct appeal is not deemed procedurally defaulted for purposes of habeas review." *United States v. Garth,* 188 F.3d 99, 107 n. 11 (3d Cir.1999)(citing *United States v. DeRewal,* 10 F.3d 100, 103 (3d Cir.1993)).

A claim of ineffective assistance of counsel is governed by the standard set forth by the Supreme Court in *Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984).

■ In *Strickland,* the Supreme Court stated that an ineffective assistance of counsel claim requires the defendant to show that their counsel's performance was defective and that the deficient performance prejudiced the defense. *See id.,* 104 S.Ct. at 2064. Counsel's performance will be measured against a standard of reasonableness. In analyzing that performance, the court should make "every effort ... to eliminate the distorting effects of hindsight," and determine whether "in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." *See id.* at 690, 104 S.Ct. at 2066. Once it is determined that counsel's performance was deficient, the court must determine if "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different." *Id.* at 694, 104 S.Ct. at 2068. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694, 104 S.Ct. at 2068. Only after both prongs of the analysis have been met will the petitioner have asserted a successful ineffective assistance of counsel claim.

### 1. *Right to Testify (Ground I)*

■ The Petitioner's first claim of ineffective assistance of counsel is based upon his contention that his trial counsel refused to let him testify. *See* Pet'r Mem. of Law at 1. "It is well established that the right of a defendant to testify on his or her behalf at his or her own criminal trial is rooted in the Constitution." *United States v. Pennycooke,* 65 F.3d 9, 10 (3d

Cir.1995). When a defendant chooses not to testify, the decision is "an important part of trial strategy best left to the defendant and counsel" and not something that should be interfered with by the court. *See id.* at 11. While it is the duty of defense counsel to inform that defendant of his right to testify, the decision itself is ultimately that of the defendant. *See id.* at 12.

The Petitioner claims that he wanted to testify to the fact that it was not his voice on the tapes introduced into evidence in this case. *See* Pet'r Mem. of Law at 1. Petitioner continues that his testimony would have created a credibility battle between himself and "the lone government witness." *See* Pet'r Mem. of Law at 1–2. The record is devoid of any facts surrounding the Petitioner's decision not to testify. Because the Petitioner's allegations, if proven, could entitle him to relief, the Court will grant the Petitioner an evidentiary hearing on this claim. The Court, however, will reserve analysis under *Strickland* until such time as the Court can make a meaningful determination upon the facts adduced at the evidentiary hearing.

### 2. *Drug Quantity (Ground II)*

 The Petitioner's second claim of ineffective assistance of counsel centers around the drug quantity that was attributed to him. The Petitioner asserts that the major element that triggers the enhancements used in this case is a determination of the drug quantity. *See* Pet'r Mem. of Law at 2–4. Because no drug quantity was ever specified for him, he asserts, he should have only been sentenced under the most lenient terms available under the statute. *See* Pet'r Mem. of Law at 2–4. The Petitioner claims that trial counsel was ineffective for not making

this argument. *See* Pet'r Mem. of Law at 2–4.

The Government responds to Petitioner's argument by claiming that it is procedurally barred because he failed to raise it on direct appeal. *See* Gov't Resp. to Def's Pet. at 6. While acknowledging that ineffective assistance of counsel claims are treated differently for the purposes of a procedural bar, the Government claims that the Petitioner has presented his claim as an ineffective assistance of counsel claim for the purpose of avoiding the procedural bar. *See* Gov't Resp. to Def's Pet. at 6; *see generally Garth,* 188 F.3d at 107 n. 11 (barring ineffective assistance of counsel claim which was attempt to argue the underlying merits). However, the rule allowing ineffective assistance of counsel claims to survive the procedural bar is rooted in the recognition that trial counsel and appellate counsel are often the same. *See id.* Because that is the case here, the Court finds that the Petitioner's claim is not procedurally barred. Many facts surrounding this claim by the Petitioner are already established in the trial record. The Petitioner was sentenced on the basis of a drug quantity of five kilograms of cocaine. *See* Sentencing Tr. at 21:17–20; Gov't Resp. to Def.'s Sentencing Br. at 10 n. 8. While trial counsel did not challenge the drug quantity in the manner that the Petitioner now seeks, he clearly argued that the Petitioner was responsible for less than five kilograms of cocaine in his sentencing memorandum where he stated that, if the Petitioner was not given career offender status, the offense level would be 28 based upon "more than 2 kilograms but less than 3.5 kilograms of cocaine" and "[t]he evidence failed to show that the defendant sold quantities greater than four ounces in any single transaction." *See* Def.'s Sentencing Mem. at 4. However, at the sentencing hearing, trial counsel decided to concur with the drug quantity al-

leged by the Government stating specifically that the defense was "not challenging the drug quantities." *See* Sentencing Tr. at 3:2-8. The Government asserts that the defense agreed not to challenge the drug quantity in exchange for the Government not presenting evidence at the sentencing that the Petitioner was in fact responsible for far greater than five kilograms of cocaine. *See* Gov't Resp. to Pet'r Mot. at 7; *see also* Gov't Resp. to Def.'s Sentencing Br. at 9-10 (outlining other evidence the Government was going to bring to establish in excess of five kilograms of cocaine).

The question before this Court is whether trial counsel's decision to agree to the drug quantity and failure to make the argument now being suggested by the Petitioner render the counsel's performance "outside the wide range of professionally competent assistance." *Strickland*, 466 U.S. at 690, 104 S.Ct. at 2066. Counsel's sentencing memorandum and statements at the sentencing hearing indicate that he considered challenging the drug quantity but made a strategic decision not to do so. Based upon the Government's response to the Defendant's sentencing memorandum which indicated the evidence which would be brought against the Petitioner to establish a drug quantity, Counsel's decision appears to not only be within the range of competent assistance, but also appears to be quite prudent. For this Court to decide otherwise would be to ignore the deference we are required to give to trial counsel's decisions. *See Strickland*, 466 U.S. at 689, 104 S.Ct. at 2065.

However, because trial counsel is required to appear for Petitioner's evidentiary hearing on his first ineffective assistance of counsel claim, the Court will grant an evidentiary hearing to establish a clearer record on the events leading to trial counsel's decision to agree with the Gov-

ernment's alleged drug quantities. The Court will reserve a final determination under *Strickland* until the Court can make a meaningful determination upon the facts adduced at the evidentiary hearing.

**B. *Petitioner's Prior Drug Conviction (Ground III)***

■ The Petitioner next attempts to attack his sentence by claiming that it was enhanced by a 1987 drug conviction which was unconstitutional. *See* Pet'r Mem. of Law at 4-5. The Government claims that the Petitioner is procedurally barred from bringing this claim because he failed to raise the issue on direct appeal. *See* Gov't Resp. to Def's Pet. at 8. While the Government is correct in asserting that the Petitioner did not raise this claim on direct appeal, that does not automatically result in a procedural bar. *See Bousley*, 523 U.S. at 622, 118 S.Ct. at 1610. To rule on the Petitioner's claim that a prior conviction was unconstitutional, the appellate court would be required to do an analysis of facts which were not in the trial record of this case. Because of the need to look outside the record available to the court on direct appeal, the Court finds this claim is not procedurally barred. *See Garth*, 188 F.3d at 106 n. 10 (stating that the Supreme Court "recognized that a defendant is not procedurally barred if the claim could not have been presented earlier without further factual development").

■ The Petitioner relies on Third Circuit precedent for the proposition that it is appropriate to attack a current sentence through a motion under section 2255 claiming that a prior conviction used to enhance his sentence was unconstitutional. *See Young v. Vaughn*, 83 F.3d 72, 79 (3d Cir. 1996); *see also Coss v. Lackawanna County Dist. Attorney*, 204 F.3d 453, 460 (3d Cir.2000). However, those cases do not implicate the explicit statutory provisions

under which the Petitioner was sentenced. *See Young,* 83 F.3d at 73; *see also Coss,* 204 F.3d at 456. The conviction which the Petitioner claims to be unconstitutional was used to enhance Petitioner's sentence under 21 U.S.C. § 851. Under section 851(e), "[n]o person ... may challenge the validity of any prior conviction alleged under this section which occurred more than five years before the date of the information alleging such conviction." § 851(e). The information charging the Petitioner with a prior conviction was filed on August 16, 1994 and the Petitioner's prior conviction occurred on July 28, 1987. Because the conviction had occurred more than five years prior to the information implicating that conviction under section 851, the Petitioner is barred from challenging it at as a sentencing enhancement.[1]

For the foregoing reasons, the Petitioner's motion under section 2255 based upon the sentencing enhancement for his 1987 drug enhancement must be denied.

### C. *Petitioner's Apprendi Claims (Grounds IV and V)*

 The Petitioner makes two final claims based upon the Supreme Court's decision in *Apprendi v. New Jersey* decided on June 26, 2000, 120 S.Ct. at 2348. The Supreme Court has held that new rules should not be applied to cases on collateral review if the conviction became final before the rule was announced. *See Teague v. Lane,* 489 U.S. 288, 305–06, 109 S.Ct. 1060, 1073, 103 L.Ed.2d 334 (1989). In the instant case, the Petitioner's conviction became final on February 21, 1999, clearly prior to the Supreme Court's deci-

sion in *Apprendi.* The majority of courts which have addressed the issue have found that *Apprendi* clearly announced a new rule of law which is not retroactive to cases on collateral review. *See United States v. Gibbs,* 125 F.Supp.2d 700, 707 n. 10 (listing cases that have decided that *Apprendi* is not retroactive to cases on collateral review). This Court agrees with that view. Therefore, even if the Petitioner's facts implicated the ruling of *Apprendi,* the Petitioner would be unable to gain relief based upon the rule of *Teague v. Lane,* 489 U.S. at 305–06, 109 S.Ct. at 1073. Based on the foregoing, the Petitioner's claim for relief based upon *Apprendi v. New Jersey* must be denied.

An appropriate Order follows.

### *ORDER*

AND NOW, this 28th day of March, 2001, upon consideration of Petitioner's Motion to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. § 2255 (Docket No. 481), the Government's Memorandum in Opposition to said Motion (Docket No. 486), and the Petitioner's Supplemental Submission (Docket No. 493), IT IS HEREBY ORDERED that:

a. Grounds I and II of the Petitioner's Motion will be referred to Chief Magistrate Judge James R. Melinson for an **Evidentiary Hearing and a Report and Recommendation;**

b. Grounds III, IV, and V of Petitioner's Motion are **DISMISSED WITH PREJUDICE;** and

---

1. While the Third Circuit has not yet had the opportunity, several other circuits have been asked to rule on the constitutionality of the five year limitations period contained in section 851(e). Of the circuits which have addressed the issue, all have found the statute constitutional. *See United States v. Prior,* 107

F.3d 654, 661 (8th Cir.1997); *United States v. Gonzales,* 79 F.3d 413, 426–27 (5th Cir.1996); *United States v. Arango–Montoya,* 61 F.3d 1331, 1338 (7th Cir.1995); *United States v. Davis,* 36 F.3d 1424, 1438–39 (9th Cir.1994); *United States v. Williams,* 954 F.2d 668, 673 (11th Cir.1992).

c. a certificate of appealability is not granted as to Grounds III, IV, and V because Petitioner has not made a substantial showing of the denial of a Constitutional right.