ORDERED that the order of the Chief Judge is AFFIRMED.

The parties are notified that this order is final and conclusive and shall not be judicially reviewable on appeal or otherwise. *See* 28 U.S.C. § 372(c)10.

**UNITED STATES of America**

v.

**Manfred DeREWAL, Appellant.**

**No. 93–1152.**

United States Court of Appeals,
Third Circuit.

Argued Aug. 26, 1993.

Decided Nov. 9, 1993.

Sur Petition for Rehearing Dec. 8, 1993.

Michael J. Rotko, U.S. Atty., E.D. Pennsylvania, Frank J. Marine, Miriam Banks (Argued), Attys., U.S. Dept. of Justice, Organized Crime & Racketeering Section, Washington, DC, for appellee.

Stephen R. LaCheen (Argued), LaCheen & Associates, Philadelphia, PA, for appellant.

Before: BECKER, NYGAARD, and ALITO, Circuit Judges.

## OPINION OF THE COURT

ALITO, Circuit Judge:

Manfred DeRewal appeals from a district court order denying his motion to vacate his sentence under 28 U.S.C. § 2255. Adopting the report and recommendation of a magistrate judge, the district court held, among other things, that DeRewal had not shown "cause" pursuant to *United States v. Frady*, 456 U.S. 152, 102 S.Ct. 1584, 71 L.Ed.2d 816 (1982), for not raising his ineffective assistance of counsel claim on direct appeal or in his motion for a new trial based on newly discovered evidence. We hold that the "cause and prejudice" standard set out in *Frady* does not apply to an ineffective assistance of counsel claim asserted in a Section 2255 motion, and we therefore reverse the decision of the district court in part and remand for further proceedings.

## I.

DeRewal was indicted in 1988 for one count of conspiracy to import phenyl–2–propanone (P2P) into the United States from Costa Rica, in violation of 21 U.S.C. § 963; one count of importation of P2P, in violation of 21 U.S.C. § 952(a); and one count of attempting to import P2P, in violation of 21 U.S.C. § 963. Before trial, DeRewal moved to suppress the fruits of wiretaps conducted in Costa Rica, contending that the wiretaps violated the Fourth Amendment and Costa Rican law. After a hearing, the district court denied this motion. *United States v. DeRewal,* 703 F.Supp. 372 (E.D.Pa.1989). Addressing DeRewal's Fourth Amendment claim, the court began by stating that as a general rule "[n]either the Fourth Amendment nor the exclusionary rule applies to searches conducted in foreign countries by foreign officials" but that two exceptions to this rule had been recognized by the courts: "(1) where the involvement of the United States officials is so extensive in the search that the United States government and the foreign government are said to be involved in a 'joint venture'; and (2) where the action taken by the foreign officials shocks the judicial conscience." *Id.* at 374 (footnote omitted). The court then held that "no joint venture [could] be found between the United States and Costa Rica in this case." *Id.* at 375. The court further concluded that the Costa Rican wiretap "was placed pursuant to a properly obtained [Costa Rican] court order" and did not violate Costa Rican law. *Id.* at 375–76. Finally, the court held that the conduct of the Costa Rican officials did not shock the conscience of the court. *Id.* at 376.

DeRewal was subsequently tried before a jury and convicted on all counts. He appealed, but we affirmed his conviction and issued an unpublished Memorandum Opinion. In response to his argument that his suppression motion had been improperly denied, we held that the district court had applied the correct legal standard and had not made any clearly erroneous findings of fact. We also rejected DeRewal's argument that the district court had erred in allowing the testimo-

ny of a prosecution witness, Peggy Turner Dunn, whose identity had not been disclosed to him prior to trial. We stated that we were "impressed ... that the government gave defense counsel rough notes of a prior interview by the FBI with [Peggy Turner Dunn], thus providing counsel with possible materials for impeachment" and that "defense counsel was given unrestrictive opportunity to cross-examine her out of the presence of the jury before her testimony." *United States v. DeRewal,* No. 89–1298, at 5–6 (3d Cir. Sept. 8, 1989).[1]

After our decision on direct appeal, DeRewal filed in the district court a motion for a new trial based on newly discovered evidence. In this motion, DeRewal first contended that he had discovered new evidence that supported his argument that the Costa Rican wiretap violated Costa Rican law and was part of a joint venture involving United States agents. DeRewal also contended that he had uncovered new evidence showing that Peggy Turner Dunn had testified falsely. The district court denied this motion. The court held that DeRewal had not shown that the evidence concerning the Costa Rican wiretap was newly discovered or that it could not have been discovered with due diligence by trial counsel. The court also observed that the evidence did not concern DeRewal's guilt or innocence but only the issue of suppression. Finally, the court held that "even without the wiretap evidence it was improbable that [DeRewal] would be acquitted." With respect to the evidence concerning Peggy Turner Dunn, the court observed that the propriety of allowing her testimony had been litigated at trial and that the only pieces of evidence bearing on this question that could be considered newly discovered were "merely cumulative" and "impeaching." The court also stated that "it is highly unlikely that such evidence would produce an acquittal." DeRewal appealed the denial of his new trial motion, but the appeal was dismissed by agreement of the parties.

DeRewal subsequently filed a motion to vacate his sentence under 28 U.S.C. § 2255. In support of this motion, he first claimed that he had been denied the effective assistance of counsel at trial, primarily because his attorney had failed to conduct an adequate pretrial investigation. Second, he con-

---

**1.** Our holdings in DeRewal's direct appeal are recounted here solely for purposes of back-

ground. We traditionally do not regard our unpublished decisions as having precedential value.

tended that the conduct of the United States agents related to the Costa Rican wiretap and the testimony of Peggy Turner Dunn and another witness was so egregious that it violated due process and required dismissal of the charges against him. As part of this argument, DeRewal again argued that the Costa Rican wiretap was illegal and was the product of a joint venture.

DeRewal's motion was referred to a magistrate judge, who recommended that the motion be denied. The magistrate judge concluded that DeRewal was required to satisfy the "cause and prejudice" standard set out in *Frady* and that DeRewal had not shown "cause" for failing to raise his ineffective assistance of counsel claim on direct appeal or in his motion for a new trial. The magistrate judge also concluded that DeRewal's arguments concerning the wiretap and the other alleged government misconduct were not cognizable under Section 2255 because they were based, not on trial error, but on evidence that was discovered after trial. Thus, the magistrate judge stated, the proper vehicle for asserting this argument was a motion for a new trial based on newly discovered evidence, and the magistrate judge stated that the district court's denial of DeRewal's new trial motion was dispositive of those claims. The district court adopted the magistrate judge's report and recommendation and denied DeRewal's motion. This appeal followed.

## II.

■ DeRewal argues that the district court erred in holding that *Frady*'s "cause and prejudice" standard applies to his argument that his trial attorney provided ineffective assistance. We agree.

In *Frady*, a defendant sought to have his murder sentence vacated based on an erroneous jury instruction that he had not challenged at trial or on direct appeal. After reaffirming the principle that "a collateral challenge may not do service for an appeal," the Court held that the proper standard for review of the defendant's motion was the " 'cause and actual prejudice standard' enunciated in *Davis v. United States*, 411 U.S. 233 [93 S.Ct. 1577, 36 L.Ed.2d 216] (1973)." *Frady*, 456 U.S. at 167, 102 S.Ct. at 1594. Under that standard, the Court explained, "a convicted defendant must show both (1)

'cause' excusing his ... procedural default, and (2) 'actual prejudice' resulting from the errors of which he complains." *Id.* at 168, 102 S.Ct. at 1594.

Although the government's brief in this case argued that DeRewal was required to show "cause and prejudice" with respect to his failure to raise his ineffective assistance of counsel claim on direct appeal, the government informed us shortly before argument that it was withdrawing this contention based on the position taken by the Solicitor General in the Supreme Court in the case of *Billy–Eko v. United States*, No. 92–7897 (*see —— U.S. ——, 113 S.Ct. 2989, 125 L.Ed.2d 685 (1993) (vacating and remanding)).* In the government's brief in that case, the Solicitor General stated:

> It has long been the position of the United States that claims of ineffective assistance of trial counsel ordinarily should be raised in the first instance in a motion under Section 2255 rather than on direct appeal.... There are two reasons for that position: (1) if the same lawyer represented the defendant both at trial and on appeal, it is unrealistic to expect a lawyer to argue on appeal that his own performance at trial was ineffective; and (2) resolution of claims of ineffective assistance of trial counsel often requires consideration of matters that are outside the record on direct appeal and that should be considered by the district court in the first instance.

Respondent's Brief at 6. Citing, among other cases, our decision in *United States v. Rieger*, 942 F.2d 230, 235 (3d Cir.1991), the Solicitor General observed that "[t]he courts of appeals have expressed a strong preference (or, in some cases, required) that an ineffective assistance claim be presented to the district court in the first instance in a motion under Section 2255." *Id.* "Hence," he added, "because it is appropriate to raise a claim of ineffective assistance under Section 2255, rather than on direct appeal, the failure to raise such a claim on direct appeal should not be treated as a procedural fault." *Id.* at 6–7.

We agree with this analysis and accordingly hold that DeRewal was not required to show "cause and prejudice" with respect to his failure to raise his ineffective assistance of counsel claim on direct appeal.[2]

■ While abandoning its argument concerning DeRewal's failure to assert his ineffective assistance of counsel claims on direct appeal, the government adheres to its position that DeRewal was required to show "cause and prejudice" with respect to his failure to raise that claim as part of his Fed.R.Crim.P. 33 motion for a new trial based on newly discovered evidence. We reject this argument because a newly discovered evidence motion is at best a poorly suited vehicle for advancing an ineffective assistance of counsel claim.

In order to obtain relief under the Sixth Amendment based on trial counsel's ineffective assistance, a defendant must show that counsel's performance fell "outside the wide range of professionally competent assistance" and that his performance caused the defendant prejudice, i.e., deprived the defendant of "a trial whose result is reliable." *Strickland v. Washington,* 466 U.S. 668, 687, 690, 104 S.Ct. 2052, 2064, 2066, 80 L.Ed.2d 674 (1984). When, as in this case, a defendant contends that trial counsel was ineffective for failing to conduct an adequate pretrial investigation, the defendant generally argues that a reasonably competent attorney would have discovered some specific piece or body of evidence that would have altered the outcome of the trial. *See, e.g., Lewis v. Mazurkiewicz,* 915 F.2d 106, 111 (3d Cir.1990); *United States v. Gray,* 878 F.2d 702, 709–10 (3d Cir.1989).

Attempting to shoehorn such a claim into a Rule 33 newly discovered evidence motion is not an easy task. For one thing, it seems clear that the type of evidence mentioned above (i.e., evidence that a reasonably competent attorney allegedly *would have discovered* by means of pretrial investigation) cannot constitute the newly discovered evidence on which a Rule 33 motion may be based. This is so because newly discovered evidence must be evidence that trial counsel *could not have discovered* with due diligence before trial. *See United States v. Iannelli,* 528 F.2d 1290, 1292 (3d Cir.1976). Thus, these two categories of evidence—evidence that a reasonably competent attorney would have discovered before trial and evidence that counsel could not have discovered before trial with due diligence—are mutually exclusive.

Attempts have been made to assert ineffective assistance claims in newly discovered evidence motions, on the theory that evidence of counsel's ineffective performance at trial was newly discovered. *See, e.g., United States v. Ugalde,* 861 F.2d 802 (5th Cir.1988), *cert. denied,* 490 U.S. 1097, 109 S.Ct. 2447, 104 L.Ed.2d 1002 (1989). This theory, however, must confront the fact that our test for newly discovered evidence requires that the evidence "must be such, and of such nature, as that, on a new trial, the newly discovered evidence would *probably produce an acquittal."* *Iannelli,* 528 F.2d at 1292 (emphasis added) (quoting *United States v. Howell,* 240 F.2d 149, 159 (3d Cir.1956)). This language certainly suggests that newly discovered evidence must generally, if not always, be evidence related to the issues at trial, not evidence concerning separate legal claims such as ineffective assistance of counsel.

In any event, assuming for the sake of argument that there are some circumstances

---

2. A panel of the Seventh Circuit has recently endorsed a rule that makes *Frady* applicable to some but not all ineffective assistance of counsel claims asserted under 28 U.S.C. § 2255. Under this rule, "if a defendant postpones raising the issue of ineffective assistance of counsel until the collateral stage he must have a valid reason for a postponement," such as the fact that trial counsel was also appellate counsel or that it reasonably appeared at the time of direct appeal that the development of facts not in the record was necessary to support the claim. *Guinan v. United States,* 6 F.3d 468 (7th Cir.1993); *cf. Beaulieu v. United States,* 930 F.2d 805, 807 (10th Cir.1991) (failure to bring ineffective assistance claim on direct appeal may bar claim in collateral proceedings in "narrow subcategory" of cases in which defendant is no longer represented by trial counsel and resolution of the claim would not be substantially aided by further development of the record); *United States v. Casiano,* 929 F.2d 1046, 1051 (5th Cir.1991) (allowing ineffective assistance claim on § 2255 motion because defendant did not deliberately bypass claim on direct appeal). For the reasons explained in Judge Easterbrook's concurring opinion in *Guinan,* we decline to follow this rule. We believe that it would lead to unnecessary confusion and a proliferation of litigation regarding alleged procedural defaults.

in which evidence of trial counsel's deficient performance can qualify as newly discovered evidence, we still think that a newly discovered evidence motion is not the preferred vehicle for asserting such claims. As the Fifth Circuit aptly stated in *Ugalde:*

> [D]efendants prejudiced by ineffective assistance of counsel have a ready remedy. They may mount a collateral challenge by a federal *habeas* petition as allowed by 28 U.S.C. § 2255. That mechanism, rather than a new trial, seems best to accommodate the interests in finality and fairness with respect to ineffective assistance of counsel claims.

861 F.2d at 809.

We therefore hold that DeRewal was not required to show "cause and prejudice" in relation to his failure to raise his ineffective assistance of counsel claims in his newly discovered evidence motion. Accordingly, we reverse the order of the district court insofar as these claims are concerned.

### III.

DeRewal also argues that the district court erred in denying his claim that the government engaged in outrageous conduct that violated due process. We reject this argument.

DeRewal cites only one case involving the dismissal of an indictment based on outrageous government conduct, *United States v. Twigg*, 588 F.2d 373 (3d Cir.1978). In that case, the appellants had been tried for conspiring to manufacture methamphetamine, and their defense of entrapment had been rejected by the jury despite evidence that government agents and an informant had been extensively involved in the criminal scheme. Among other things, the government agents had supplied a precursor chemical and some of the glassware needed to manufacture methamphetamine, had rented the farmhouse to be used as the laboratory, and had facilitated the purchase of other materials from a chemical supply house. Moreover, the informant had been in charge of the production process and had provided all of the expertise. *Id.* at 380–81. Based on these facts, a divided panel of our court held that "the governmental involvement in the criminal activities ... ha[d] reached 'a demonstrable level of outrageousness'" requiring dismissal of the criminal charges. *Id.* at 380. The court stated that the government agents had "generated new crimes ... merely for the sake of pressing criminal charges" against individuals who were "lawfully and peacefully minding [their] own affairs." *Id.* at 381.[3]

The present case bears no resemblance to *Twigg*. The "outrageous government conduct" alleged by DeRewal does not concern the fomenting of criminal activity by government agents. Rather, DeRewal argues that government officials engaged in outrageous conduct because, he maintains, they illegally caused his phone to be tapped in Costa Rica and improperly called Peggy Turner Dunn as a "last minute witness" and permitted her to give "mistaken" testimony. Appellant's Brief at 29–30. These allegations do not bring the present case within *Twigg*, and therefore DeRewal's argument based on *Twigg* was properly rejected.[4]

### IV.

In summary, we reverse the decision of the district court insofar as it denied DeRewal's

---

**3.** In the 15 years since *Twigg* was decided, our court has not found any other case warranting dismissal of criminal charges on a similar ground. *See United States v. Martino*, 825 F.2d 754, 763 (3d Cir.1987) (noting this court's "extreme caution in finding due process violations in undercover settings" and citing collected cases).

**4.** Rather than a true *Twigg* claim, DeRewal's argument seems in large part to be an attempt to relitigate the trial judge's refusal to suppress the fruits of the Costa Rican wiretap and his decision to permit Peggy Turner Dunn to testify. These questions, however, were raised and rejected on direct appeal. Many cases have held that Section 2255 generally "may not be employed to relitigate questions which were raised and considered on direct appeal." *Barton v. United States*, 791 F.2d 265, 267 (2d Cir.1986) (collecting cases). We refuse to permit such relitigation here. Similarly, to the extent that DeRewal attempted to use his Section 2255 motion as a vehicle for contesting portions of the district court's decision on this Rule 33 motion—for example, the district court's holding that he was not entitled to a new trial based on what he characterized as newly discovered evidence that Peggy Turner Dunn had given false testimony—his argument is barred because he has not shown "cause" under *Frady* for failing to raise it in a

ineffective assistance of counsel claim, but we affirm the decision of the district court insofar as it denied DeRewal's other claims. We remand this case to the district court for further proceedings consistent with this opinion.

SUR PETITION FOR REHEARING

Dec. 8, 1993

Before: SLOVITER, Chief Judge, BECKER, STAPLETON, MANSMANN, GREENBERG, HUTCHINSON, SCIRICA, COWEN, NYGAARD, ALITO, ROTH, and LEWIS, Circuit Judges.

The petition for rehearing filed by appellant in the above entitled case having been submitted to the judges who participated in the decision of this court and to all the other available circuit judges of the circuit in regular active service, and no judge who concurred in the decision having asked for rehearing, and a majority of the circuit judges of the circuit in regular active service not having voted for rehearing by the court in banc, the petition for rehearing is denied.

direct appeal from the district court's Rule 33 decision. While we hold that *Frady* does not preclude DeRewal from raising his ineffective assistance claim, *Frady* does apply to any other claims that DeRewal could have properly advanced on direct appeal from his conviction or the denial of his newly discovered evidence motion.