

1995 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

9-15-1995

# United States v Derewal

Precedential or Non-Precedential:

Docket 95-1142

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_1995

Recommended Citation

"United States v Derewal" (1995). *1995 Decisions.* Paper 257.
http://digitalcommons.law.villanova.edu/thirdcircuit_1995/257

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 1995 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

—————

No. 95-1142

—————

UNITED STATES OF AMERICA

vs.

MANFRED DEREWAL,

Appellant

—————

Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Crim. No. 88-cr-00098)

—————

Argued
August 2, 1995
Before: MANSMANN, HUTCHINSON and ROTH, Circuit Judges.

(Filed  September 15,  1995)

—————

Stephen Robert LaCheen, Esquire
George E. Goldstein, Esquire (Argued)
3100 Lewis Tower Building
15th and Locust Street
Philadelphia, PA  19102

        Counsel for Appellant

Robert A. Kauffman, Esquire (Argued)
Office of United States Attorney
Suite 1250
615 Chestnut Street
Philadelphia, PA  19106

        Counsel for Appellee

—————

OPINION OF THE COURT

—————

1

MANSMANN, Circuit Judge.

In this appeal from the district court's order revoking Manfred DeRewal's probation, we address chiefly DeRewal's primary contention regarding the tension between the power of the judiciary to act on probation matters and the executive branch's power governing parole since DeRewal was on parole when the district court revoked DeRewal's probation that had not yet begun. This is an issue we specifically reserved in United States v. Camarata, 828 F.2d 974 (3d Cir. 1987), cert. denied, 484 U.S. 1069 (1988).

We hold that the district court properly exercised its jurisdiction in revoking DeRewal's probation for pre-probation conduct occurring during a period of parole. Such judicial action regarding probation does not disturb the executive branch's authority to control DeRewal's parole.

DeRewal also contends that the conditions of his probation were modified without a hearing as required by Federal Rule of Criminal Procedure 32.1(b), that the district court erred in refusing to grant him access to the probation officer's entire file, and that there was insufficient evidence for the district court to find a violation of probation. We have considered each of the allegations of error and, finding them to be without substance, we will affirm the order of the district court.

2

I.

In March, 1988, Manfred DeRewal was charged with conspiracy to import P2P, importation of P2P, and attempting to import P2P into the United States from Costa Rica in violation of 21 U.S.C.A. §§ 952(a), 960(a)(1), 963 (West 1981) and 18 U.S.C.A. § 2 (West 1969). Following conviction, DeRewal was sentenced to 10 years of imprisonment followed by a ten year term of special parole. A five year probationary term was to run consecutively to the term of special parole.[1]

On December 17, 1992, DeRewal was released from prison on parole, parole to run until October 18, 1998. The term of special parole would then run from 1998 until 2008, when the probationary period would begin.

On September 7, 1994, the United States Probation Department filed a Violation of Probation Petition against DeRewal, alleging that he had violated those three conditions of probation which required him (1) to answer truthfully inquiries from and follow the instructions of his probation officer; (2) to refrain from associating with those engaged in criminal activity or convicted of a felony; and (3) to refrain from violating any law.

---

[1] DeRewal's direct appeal from the judgment of conviction and sentence was affirmed on October 12, 1989. DeRewal then filed a petition pursuant to 28 U.S.C. § 2255 raising ineffective assistance of counsel and other claims. The district court denied the petition. On appeal, we affirmed in part, reversed in part, and remanded the matter to the district court. See United States v. DeRewal, 10 F.3d 100 (3d Cir. 1993) (holding that a defendant is not required to show "cause and prejudice" with respect to his failure to raise ineffective assistance of counsel on direct appeal).

DeRewal's motion to dismiss the petition for lack of jurisdiction was dismissed and a hearing was held on the merits of the Probation Department's Petition. DeRewal filed a motion seeking to review his probation file in its entirety. Following the district court's denial of this motion, the government presented the testimony of DeRewal's neighbor who had overheard telephone conversations as a result of an illegal splice into her telephone line. Testimony was also given by telephone employees, DeRewal's probation officer, and FBI agents.

At the conclusion of the testimony, the district court found that DeRewal had violated the terms of his probation and sentenced him to 36 months imprisonment. This timely appeal followed in which we confront the issue of judicial power to alter probation during a pre-probation period of parole which is governed by the authority of the executive branch.

II.

In Affronti v. United States, 350 U.S. 79 (1955), the Supreme Court confronted the question of whether a district court has authority to place a defendant on probation once he has begun to serve the first in a series of consecutive sentences. The Court cautioned that statutory authority to grant probation should not be "applied in such a way as to necessarily overlap the parole and executive clemency provisions of the law" and should be interpreted "to avoid interference with the parole and clemency powers of the Executive Board." Affronti, 350 U.S. at 83. The Court then concluded, utilizing broad language, that

4

"the probationary power ceases with respect to all of the sentences composing a single cumulative sentence immediately upon imprisonment for any part of the cumulative sentence."  Id.

In United States v. Williams, 15 F.3d 1356, 1357 (6th Cir.), cert. denied, 115 S. Ct. 431 (1991), the Court of Appeals for the Sixth Circuit concluded that "a district court does have authority to revoke probation for pre-probation conduct, including the pre-probation conduct of a paroled convict."  On facts substantially identical to those present_"