

2002 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

1-31-2002

# USA v. Soto

Precedential or Non-Precedential:

Docket 0-5234

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2002

Recommended Citation

"USA v. Soto" (2002). *2002 Decisions.* Paper 80.
http://digitalcommons.law.villanova.edu/thirdcircuit_2002/80

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2002 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No.  00-5234
_____

UNITED STATES OF AMERICA

v.

DANIEL SOTO

BOLIVER HICIANO, AKA DANIEL SOTO,

Appellant

_____

Appeal from the United States District Court
for the District of New Jersey
(D.C. Criminal No: 98-cr-00471)
District Judge: The Honorable Nicholas H. Politan
_____

Submitted Under Third Circuit LAR 34.1(a)
June 21, 2001

Before: ROTH, AMBRO, and FUENTES, Circuit Judges

(Filed    January 31, 2002     )
_____

MEMORANDUM OPINION
_____

AMBRO, Circuit Judge

    In this appeal, Daniel Soto, pro se, asks that we vacate his conviction for
conspiracy to commit money laundering under 18 U.S.C.  1956(h) and possession of
false identification documents under 18 U.S.C.  1028 (a)(3), or, in the alternative, to
remand his case for resentencing.  Soto's counsel filed a brief pursuant to Anders v.
California, 386 U.S. 738 (1967), advising us that he had completed a conscientious
review of the record and concluded that there were no non-frivolous issues on appeal.
Soto was notified that counsel had filed an Anders brief and was given an opportunity to
present for review any arguments that he chose to make on his own.  In all, Soto offers

five arguments to support his appeal (three of which are not covered by his counsel): first, the District Court erred when it used the amount of money involved in Soto's crime as a sentencing factor without proving the amount beyond a reasonable doubt; second, the indictment, and by logical sequence the guilty plea, is invalid because it failed to set forth all the elements of the crimes charged; third, the guilty plea is invalid because the District Court failed to follow Rule 11(c)(1) of the Federal Rules of Criminal Procedure when it did not inform Soto of the elements of the crimes to which he was pleading guilty; fourth, the District Court erred when it did not grant Soto a downward departure in sentencing based on his pre-trial conditions; and lastly, the sentence should be vacated because of ineffective assistance of counsel. After conducting the necessary full examination and review of the proceedings below and of Soto's pro se arguments, we too find the his arguments without merit, and in affirming judgment of the District Court we grant the trial counsel's motion to withdraw.

## I.

The United States Customs Service ("Customs") and the Internal Revenue Service ("IRS") began investigating Daniel Soto (a/k/a Bolivar Hiciano) and his wife, Jasa Soto, in May of 1996 for suspected money laundering. The Sotos owned and operated in Atlantic City their own company, Santo Domingo Travel, which the Government believed was being used for a money laundering operation.

As part of the investigation, undercover agents gave the Sotos approximately $277,451 to launder to accounts in the Dominican Republic. At times the agents portrayed the currency transferred to the Sotos as proceeds from illegal drug sales. From September 27, 1996 until June 19, 1998, Daniel Soto executed over 28 illegal currency transactions as part of the Government's undercover operation. Besides money laundering, the Sotos also sold false identification documents to the undercover agents as a requirement for continued money laundering. Customs' agents purchased approximately 16 sets of false identification documents.

On July 14, 1998, the Government filed a forty-count indictment against Soto, which charged him, inter alia, with money laundering in violation of 18 U.S.C. 1956(h)

and illegal possession of identification documents in violation of 18 U.S.C. 1028(a)(3), respectively. On December 20, 1999, Soto pled guilty to Counts One and Forty of the indictment. The District Court conducted a sentencing hearing on March 28, 2000. Soto was sentenced to 48 months imprisonment for Count One and 36 months for Count Forty, with the sentences to run concurrently. He filed a pro se Notice of Appeal on April 3, 2000. As noted, his attorney has motioned to withdraw as counsel because there are no non-frivolous issues for appeal.

## II.

When counsel wishes to withdraw from representation on appeal, he must do so pursuant to the guidelines established by the Supreme Court in Anders. Those guidelines require a withdrawing attorney to submit to this Court "a brief referring to anything in the record that might arguably support the appeal." Id. at 744. "Such 'conscientious examination' is grounded in the Constitutional requirement of substantial equality and fair process, which the Court notes 'can only be attained in behalf of his client, as opposed to that of amicus curiae.'" United States v. Youla, 241 F.3d 296, 299 (3d Cir. 2001) (quoting Anders, 386 U.S. at 744).

We are guided in these matters by Local Appellate Rule 109.2(a), which is explained in Youla. "The court's inquiry when counsel submits an Anders brief is thus twofold: (1) whether counsel adequately fulfilled the rule's requirements; and (2) whether an independent review of the record presents any nonfrivolous issues." Id. at 300; accord United States v. Marvin, 211 F.3d 778, 779 (3d Cir. 2001). If counsel fulfilled the Anders inquiry and we find that there is arguable merit to the appeal, we will grant counsel's motion to withdraw, appoint new counsel, and request supplemental briefing. See Local Appellate Rule 109.2(a). If we find that the appeal is without merit, we will dispose of the appeal without appointing new counsel. See id. In this case, we conclude that Soto's counsel has adequately met the requirements in Anders and we grant his motion to withdraw. We also find that the appeal is without merit and we affirm the judgment of the District Court.

### A. Adequacy of Anders Brief

When preparing an Anders brief, counsel must (1) "satisfy the court that counsel has thoroughly examined the record in search of appealable issues," and (2) "explain why the issues are frivolous." Youla 241 F.3d at 300. The brief need not rehash every possible claim but must meet the standard of "conscientious examination" laid out in Anders. Id.

The Anders brief presented here contains an adequate examination of the possible issues for appeal. The main argument discussed by counsel is that the District Court could have granted the motion to depart downward based on Soto's pre-trial conditions, the possibility of deportation, and family circumstances. Counsel presents a significant amount of case law in support of his contention that the District Court would have to consider these factors in deciding to grant the motion to depart downward. Furthermore, counsel also discusses the adequacy of the plea agreement under Rule 11 of the Federal Rules of Criminal Procedure, and explains how the record shows that Soto understood his plea agreement and that any argument challenging his guilty pleas would be frivolous. Although counsel has not covered every issue for appeal conceived by Soto, he has referred to the issues arguably supportable on appeal. Therefore, we conclude that the Anders brief is adequate.

### B. Arguable Merits to the Appeal

Although we generally rely on the Anders brief to identify the issues raised for appeal, we may look at the pro se brief as well. See Youla, 241 F.3d at 301. That pro se brief contains five arguments, three of which, as noted, are not covered by counsel. After reviewing the arguments in Soto's brief and those raised by the Anders brief, we conclude that they lack merit.

The first issue that is discussed in the Anders brief, and Point IV of Soto's pro se brief, is that the District Court should have granted his motion for a downward departure based on his pre-trial conditions, possibility of deportation, and family circumstances. However, we reject this argument because Soto intentionally withdrew the motion for a downward departure. Although counsel argues that he re-requested such a motion, we find nothing in the record to support this assertion. Instead it appears that, after Soto

withdrew his motion, counsel merely advocated to the District Court that it sentence Soto at the bottom of the Sentencing Guidelines. This hardly argues that we should overturn Soto's sentence and remand for a downward departure.

The second issue discussed in the Anders brief, and Point III of Soto's pro se brief, is that his conviction is in violation of Rule 11(c)(1) of the Federal Rules of Criminal Procedure because the District Court did not specifically advise him of the elements of the crimes to which he was pleading guilty. Where a defendant fails to call alleged errors in a plea colloquy to the District Court's attention, we review only for plain error. United States v. Olano, 507 U.S. 725, 733 (1993). A plain error analysis requires that "[t]here must be an error that is plain and that affect[s] substantial rights. Moreover, . . . the decision to correct the forfeited error [is] within the sound discretion of the court of appeals, and the court should not exercise that discretion unless the error seriously affect[s] the fairness, integrity or public reputation of judicial proceedings." Id. at 732 (citations and quotations omitted).

Here we find no error in the District Court's plea colloquy. Rule 11(c)(1) does not require that a defendant be notified of all the elements of the crimes to which he is pleading guilty. It only requires that the district court ensures that the defendant knows "the nature of the charge to which the plea is offered." Fed. R. Crim. P. 11. During the plea colloquy the sentencing judge walked through a detailed questioning process that described all the elements of the crimes to which Soto pled guilty. Soto unequivocally affirmed that he understood he was pleading guilty to Count One, charging him with conspiracy to commit money laundering, and Count Forty, charging him with possession with intent to use and transfer illegal Social Security cards and birth certificates in violation of federal law.

On a related issue, Soto argues in Point II of his pro se brief that the District Court should not have accepted his plea agreement because the indictment failed to allege all the elements of the crime for which the he was charged. Although Soto never raised this argument before the District Court, "we will consider it in light of our prior holding that a

defendent may challenge an indictment for failure to charge an offense for the first time on appeal." United States v. Cefaratti, 221 F.3d 502, 507 (3d Cir. 2000). "However, when a challenge is urged for the first time on appeal we will construe the indictment liberally in favor of validity." Id. at 507. We read the indictments under Count One, dealing with conspiracy to commit money laundering, and Count Forty, dealing with false identification, as having all the sufficient elements of the charged offenses. Both follow the provisions of the statute under which Soto is being charged to our satisfaction. We therefore find that there was no error in the indictment.

Soto argues in Point I of his pro se brief that his sentence is in violation of the recent Supreme Court ruling in Apprendi v. New Jersey, 530 U.S. 466 (2000). We exercise plenary review of a defendant's challenge to his sentence under Apprendi. United States v. Williams, 235 F.3d 858, 861 (3d Cir. 2001). Soto claims that because the District Court never proved beyond a reasonable doubt the amount of money that was transferred, any enhancements received based on that amount, here two levels, would be a violation of Apprendi. Soto misinterprets, however, the Supreme Court's ruling. Apprendi only applies to cases where a defendant receives a sentence beyond the statutory maximum. Apprendi, 530 U.S. at 860. Soto's sentence of 48 months for conspiracy to commit money laundering is far below the statutory maximum of 20 years and therefore this case does not fall into the domain of Apprendi.

Last, we refuse to review Soto's claim of ineffective assistance of counsel (Point V of his pro se brief) because we generally do not review ineffective assistance claims on direct appeal and prefer that they be raised under a 28 U.S.C. 2255 motion. "There are two reasons for that position: (1) if the same lawyer represented the defendant both at trial and on appeal, it is unrealistic to expect a lawyer to argue on appeal that his own performance at trial was ineffective; and (2) resolution of claims of ineffective assistance of trial counsel often requires consideration of matters that are outside the record on direct appeal and that should be considered by the district court in the first instance." United States v. DeRewal, 10 F.3d 100, 103 (3d Cir. 1993).

In summary, we determine that the brief filed pursuant to Anders v. California by
Soto's counsel is adequate and the motion by counsel to withdraw is granted.  We also
determine, based on the Anders brief and the brief filed pro se by Soto, that his appeal is
without merit, and thus his conviction and sentence are affirmed.

TO THE CLERK:

 Please file the foregoing Memorandum Opinion.


/s/Thomas L. Ambro

          _____

          Circuit Judge