

2002 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-8-2002

# USA v. Retemar

Precedential or Non-Precedential:

Docket No. 00-1978

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2002

Recommended Citation

"USA v. Retemar" (2002). *2002 Decisions.* Paper 258.
http://digitalcommons.law.villanova.edu/thirdcircuit_2002/258

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2002 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT


No. 00-1978


UNITED STATES OF AMERICA

v.

JORGE RETAMAR, aka "DARKMAN"

Jorge Retamar,
                Appellant


On Appeal from the United States District Court
        for the District of New Jersey
        (D.C. Crim. No. 99-cr-00753-5)
    District Judge:  Hon. Alfred J. Lechner, Jr.


Submitted Under Third Circuit LAR 34.1(a)
            April 1, 2002

Before:  SLOVITER, FUENTES, and MICHEL,* Circuit Judges

(Filed: April 8, 2002)


OPINION OF THE COURT

_____

    *    Hon. Paul R. Michel, United States Court of Appeals for the Federal Circuit,
    sitting by designation. SLOVITER, Circuit Judge.
    Jorge Retamar appeals from the judgment of conviction and sentence entered by
the United States District Court for the District of New Jersey following Retamar's guilty
plea.  Retamar, who was indicted on two counts alleging that between May 11, 1998 and
December 16, 1999 he conspired with the co-defendants to distribute and possess with
intent to distribute more than one hundred grams of heroin in Newark, New Jersey, in
violation of 21 U.S.C.  841(a)(1), 21 U.S.C.  846 and 18 U.S.C.  2, pled guilty to one
count pursuant to a cooperating plea agreement.
    Retamar and the government agreed to various stipulations.  Among them is a
stipulation that the applicable guideline provision for the offense is set forth in United
States Sentencing Guideline Manual,  2D1.1(a)(3), and that the amount of heroin
reasonably foreseeable based on Retamar's participation in the conspiracy and his role in
the offense, and thus attributable to him, is at least three kilograms but not more than ten
kilograms.  Retamar waived his right to file any appeal, any collateral attack, or any other
writ or motion after sentencing that challenges the sentencing court's determination or
imposition of the offense level if the total offense level determined by the court is equal to
or less than the stipulated offense level set forth in the stipulation.
    The Presentencing Investigation Report determined Retamar's guideline level to
be a base offense level of thirty-four, reduced by a total of three points for acceptance of
responsibility, leaving his total offense level at thirty-one with a guideline range between
121 and 151 months.  Although the District Court granted the government's request for a

downward departure only reluctantly, it departed below the applicable guideline range and sentenced Retamar to a term of imprisonment of 110 months.

Retamar appealed.  Counsel for Retamar filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967).  Under Anders, if counsel is convinced after conscientious investigation that the appeal is frivolous, counsel may properly ask to withdraw.  Id. at 741.  Anders also requires that counsel's brief cite any matters that may be arguably appealable.  Id. at 744; United States v. Tannis, 942 F.2d 196, 197 (3d Cir. 1991).  In this case, counsel stated no matter that was arguably appealable.

Retamar was given the opportunity to file a pro se brief, which he did.  In that brief, Retamar argues that the indictment and information must be dismissed as jurisdictionally defective, that he is not a 21 U.S.C.   841(a)(1) defendant, that 21 U.S.C.   846 is constitutionally void for vagueness, that the government was without jurisdiction to charge him with   846 and the court was without jurisdiction to adopt the charge of   846, that he unknowingly and unintelligently entered a plea of guilty, and that an attorney who does not communicate or advise is ineffective counsel, setting forth a claim under the Sixth Amendment of the Constitution.

We have reviewed all of Retamar's contentions going to the merits on this direct appeal and find them without merit.  In particular, we note that Retamar was thoroughly examined by the District Court with respect to the rights that he waived upon entering the guilty plea and his understanding of the terms of the plea agreement.  We do not reach Retamar's ineffective assistance of counsel claim, as this court holds that in general such a claim must be raised in a collateral attack pursuant to 28 U.S.C.   2255.  See United States v. DeRewal, 10 F.3d 100, 103 (3d Cir. 1993); United States v. Rieger, 942 F.2d 230, 235 (3d Cir. 1991).  We therefore agree with counsel that Retamar raises no nonfrivolous issue for appeal.

For the reasons set forth above, we will affirm the conviction and sentence of the District Court and will grant counsel's motion to withdraw.

_____

TO THE CLERK:

    Please file the foregoing opinion.



        /s/Dolores K. Sloviter
        Circuit Judge