40

**UNITED STATES of America,**

v.

**Juan SOTO, Appellant.**

No. 01–2243.

United States Court of Appeals,
Third Circuit.

Submitted Pursuant to Third Circuit
LAR 34.1(a) April 11, 2002.

Filed April 23, 2002.

Before McKEE, FUENTES and
POGUE, Circuit Judges.

OPINION OF THE COURT

PER CURIAM.

Juan Soto appeals from the district court's denial of the petition for habeas corpus that he filed pursuant to 28 U.S.C. § 2255 in which Soto had sought to vacate, set aside or correct the sentence imposed pursuant to his guilty plea of guilty to charges arising from his arrest for possession of cocaine powder and "crack". For the reasons that follow, we will affirm.

Inasmuch as we write only for the parties, we need not set forth the background of this appeal except as may be necessary to this brief discussion. The defendant alleges that trial counsel was ineffective in failing to question his prior convictions as set forth in the presentence investigation at time of his sentence. 21 U.S.C. § 851(b) does allow defendant an opportunity to challenge the accuracy of any prior conviction which is used to enhance a sentence. Here, the government does not contest that the trial court failed to make that inquiry when the defendant was sentenced. However, even at this late date, the defendant still does not allege that the information the court relied upon regarding his prior convictions was inaccurate, nor does he make any attempt to show that he was prejudiced by the trial counsel's omission. Accordingly, he is entitled to no relief. See *Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *U.S. v. DeRewal,* 10 F.3d 100, 104 (3d Cir.1993).

Soto's remaining two claims of ineffectiveness must be dismissed for the very same reasons. He claims that his trial counsel did not file an appeal on his behalf in derogation of his instructions to counsel and that trial counsel should have alleged the bad faith of the prosecution for failing to bring a "5K motion." However, the district court concluded that the government acted in good faith, and the defendant does not show why the district court's finding of good faith was clearly erroneous. Accordingly, that basis for relief must be rejected outright. Moreover, inasmuch as he has failed to allege how he would have been entitled to relief on appeal, trial counsel's failure to file an appeal does not rise to the level of a constitutional derogation of the right to counsel even if Soto had requested counsel to file an appeal. See *Strickland supra.*

Accordingly, for the reasons set forth herein, the order of the district court denying plaintiff's claims for relief under 28 U.S.C. § 2255 is hereby affirmed.