

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

1-24-2008

# USA v. Gonzalez-Villa

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-3075

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"USA v. Gonzalez-Villa" (2008). *2008 Decisions.* Paper 1712.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/1712

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 06-3075
_____

UNITED STATES OF AMERICA

v.

JOSE FRANCISCO GONZALEZ-VILLA
a/k/a FRANCISCO GONZALEZ,

Appellant
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. No. 03-cr-00186-5)
District Judge: Honorable Joseph E. Irenas
_____

Submitted Under Third Circuit LAR 34.1(a)
January 8, 2008

Before: FUENTES and JORDAN, *Circuit Judges*
and DITTER*, *District Judge.*

Filed: January 24, 2008
_____

OPINION OF THE COURT
_____

_____
     *Honorable J. William Ditter, Jr., United States District Court Judge for the Eastern
District of Pennsylvania, sitting by designation.

JORDAN, *Circuit Judge*.

This criminal appeal follows a guilty plea by Jose Francisco Gonzalez-Villa ("Gonzalez") to conspiracy to distribute and to possess with intent to distribute more than five kilograms of cocaine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846. Pursuant to his plea agreement with the government, Gonzalez faced a stipulated advisory sentencing range of 135 to 168 months in jail under the United States Sentencing Guidelines, before consideration of any § 5K1.1 motion. He was sentenced to 87 months imprisonment, five years supervised release, and the payment of the standard special assessment of $100. Gonzalez's attorney has filed a brief as permitted by *Anders v. California*, 386 U.S. 738 (1967), stating that there are no non-frivolous issues to appeal and seeking leave to withdraw from his representation of Gonzalez. This Court notified Gonzalez of his right to submit a *pro se* brief in support of his appeal, but he did not do so, although the District Court docket reveals a list of issues Gonzalez wants to have considered on appeal.[1] Having considered those reasons as set forth below, we will affirm the judgment and sentencing order and grant counsel's request to withdraw.[2]

---

[1] In addition to the notice of appeal filed by Gonzalez's counsel, Gonzalez filed a notice of appeal on his own, dated June 11, 2006 (App. at A-2) and docketed in the District Court on June 19, 2006 (App. at A-30). That document states that a "copy of issues complained of on appeal are forwarded herewith." (*Id.*) Although the appendix in this case does not contain that list, it is set forth as an attachment to Docket Item #137 in the District Court.

[2] The District Court had jurisdiction in this criminal matter pursuant to 18 U.S.C. § 3231. We exercise jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a).

Third Circuit Local Appellate Rule 109.2(a) provides, "[w]here, upon review of the district court record, trial counsel is persuaded that the appeal presents no issue of even arguable merit, trial counsel may file a motion to withdraw and supporting [*Anders*] brief." In considering counsel's *Anders* brief, we examine: (1) "whether counsel adequately fulfilled the rule's requirements," and (2) "whether an independent review of the record presents any nonfrivolous issues." *United States v. Youla*, 241 F.3d 296, 300 (3d Cir. 2001). To fulfill the requirements of Rule 109.2(a), the brief must "satisfy the court that counsel has thoroughly examined the record in search of appealable issues and ... explain why the issues are frivolous." *Id.* (citing *United States v. Marvin*, 211 F.3d 778, 780 (3d Cir. 2000)). At a minimum, the brief must assure us that counsel has made a conscientious examination of the case. *Id.*

We conclude here that counsel's brief adequately demonstrates that counsel has thoroughly examined the record in search of appealable issues and has adequately explained why the issues are frivolous. We also conclude, after our own independent analysis of the record, that this appeal presents no non-frivolous issues. Gonzalez was a member of a conspiracy involved in the transportation of significant quantities of cocaine from Arizona to the greater Philadelphia region. He was, by his own admission, involved in the distribution of the cocaine. During the plea colloquy, the District Court thoroughly established that Gonzalez's decision to plead guilty was knowing and voluntary.

Gonzalez agreed to waive his appellate rights as part of his deal with the government. (App. at A-38.) Nevertheless, his pro se notice of appeal has appended to it

3

issues that he wants to have addressed on appeal. The first three issues challenge the District Court's reliance on the presentence report, the "harsh" sentence imposed, and the Court's jurisdiction. We agree with Gonzalez's counsel that these issues must be characterized as frivolous.

Also frivolous are the remaining issues that Gonzalez lists, all of which are focused on what he terms the ineffectiveness of his defense attorney. Gonzalez complains that counsel failed to timely file a notice of appeal. That is simply inaccurate. Counsel filed a notice of appeal that was docketed approximately a week before Gonzalez's pro se notice of appeal was filed. Gonzalez also complains that counsel "failed to research the facts of law [sic] and the jurisdiction of the court over Appellant ... [,]" that he "failed to object to improper statements made within [the presentence report,]" and that he "failed to conduct a back ground [sic] check on the Appellant's mental health history." It is noteworthy that, as of the time of the plea, when asked under oath whether he was satisfied with the representation provided by his counsel, Gonzalez answered "Very much, yes." (App. at A-64.) More to the point, however, is that any claim as to ineffective assistance of counsel should typically be made in the first instance in the district court pursuant to 28 U.S.C. § 2255. *See United States v. DeRewal*, 10 F.3d 100, 103 (3d Cir. 1993) ("[I]t is appropriate to raise a claim of ineffective assistance under Section 2255, rather than on direct appeal."). In this case, it appears that, as part of his

4

plea agreement, Gonzalez waived his rights pursuant to Section 2255. (App. at A-38.)[3] He may not complain on direct appeal about an issue reserved for collateral attack but which he has waived.

In short, we are satisfied that defense counsel has made a conscientious examination of the case and has adequately explained that there are no non-frivolous issues to be considered on appeal. After our own independent analysis of the record, we agree that this appeal presents no non-frivolous issues and will, therefore, affirm the judgment of conviction and the sentence, and will grant counsel's request to withdraw.

---

[3] In addition to the express waiver in the plea agreement, the following exchange took place during the plea colloquy:

Q: And do you, also, understand that what I'll call under usual circumstance and after appeals were over, you would have a right to attack your sentence in what they call a habeas corpus post-conviction relief. In the Federal Court we call it Section 2255.

A: Yes.

Q: And you understand that you are also waiving those rights?

A: Yes. What else could I do?

Q: Again, well, you don't have to. I mean you agreed to do that, didn't you?

A: Yes.

Q: And nobody forced you to do that?

A: No. I would have told you.

(*See* App. at A-81 through A-82.)