DLD-245                                                         **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 18-2164
_____

IN RE: MICHAEL ROBERT JANESKI,
                                              Petitioner
_____

On a Petition for Writ of Mandamus from the
United States District Court for the Middle District of Pennsylvania
(Related to M.D. Pa. Crim. No. 1-17-cr-00016-001)
_____

Submitted Pursuant to Fed. R. App. Pro. 21
June 21, 2018
Before:  JORDAN, SHWARTZ and KRAUSE, <u>Circuit</u> <u>Judges</u>

(Opinion filed: July 6, 2018)
_____

OPINION[*]
_____

PER CURIAM

    In 2017, Michael Janeski pleaded guilty to sexual exploitation of children in violation

of 18 U.S.C. § 2251, and was sentenced to 360 months' imprisonment.  No direct appeal

was taken.  He now petitions this Court for a writ of mandamus directing the United

States District Court for the Middle District of Pennsylvania to reinstate his appellate

rights.

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Our jurisdiction derives from 28 U.S.C. § 1651, which grants us the power to "issue all writs necessary or appropriate in aid of [our . . . jurisdiction] and agreeable to the usages and principles of law." The remedy is "a drastic one, to be invoked only in extraordinary situations." United States v. Santtini, 963 F.2d 585, 593 (3d Cir. 1992). To justify the use of this extraordinary remedy, Janeski must show both a clear and indisputable right to the writ and that he has no other adequate means to obtain the relief desired. See Haines v. Liggett Grp. Inc., 975 F.2d 81, 89 (3d Cir. 1992).

Janeski maintains that he was denied his right to a direct criminal appeal because his counsel was ineffective in failing to file a notice of appeal from his judgment of conviction. A motion to vacate sentence pursuant to 28 U.S.C. § 2255 is the appropriate means for a federal prisoner to raise ineffective assistance of counsel claims. See United States v. DeRewal, 10 F.3d 100, 103-04 (3d Cir. 1993). Janeski's criminal judgment was entered on July 28, 2017. He has not yet filed a § 2255 motion, and the one-year statute of limitations for doing so has not yet expired. See 28 U.S.C. § 2255(f). Because Janeski has an adequate alternative means of relief, we will deny the mandamus petition.