**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 23-1078
_____

UNITED STATES OF AMERICA

v.

EDWIN PAWLOWSKI,
                    Appellant

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Criminal Action No. 5:17-cr-00390-001)
District Judge:  Honorable Juan R. Sánchez

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
June 14, 2024
Before:  JORDAN, PHIPPS, and NYGAARD, <u>Circuit Judges</u>

(Opinion filed: June 26, 2024)
_____

OPINION[*]
_____

PER CURIAM

        Appellant Edwin Pawlowski, proceeding pro se, appeals from the District Court's

denial of his motion for a new trial.  For the following reasons, we will affirm.

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Pawlowski, the former mayor of the City of Allentown, was convicted of 38 corruption-related offenses in 2018. He was sentenced to 180 months' imprisonment. We affirmed that sentence on direct appeal. See United States v. Pawlowski, 27 F.4th 897 (3d Cir. 2022).

In 2020, Pawlowski filed a motion for an evidentiary hearing, arguing that an investigating law enforcement agent's comments on a 2019 podcast suggested that the Government withheld exculpatory evidence, in violation of Brady v. Maryland, 373 U.S. 83 (1963), and Giglio v. United States, 405 U.S. 150 (1972).[1] The District Court construed it as a motion for a new trial pursuant to Federal Rule of Criminal Procedure 33 and denied it. Pawlowski filed a timely notice of appeal.

We have jurisdiction under 28 U.S.C. § 1291. Where, as here, a motion for a new trial is based on questions of law as well as fact, we conduct a de novo review of the District Court's legal conclusions and a "clearly erroneous" review of any fact findings.[2]

---

[1] Pawlowski argued that the podcast revealed that the Government failed to disclose: (1) evidence showing that the FBI used a confidential source or undercover agent to make contact with a public official in an attempt to connect with Pawlowski's associates; (2) evidence that an undercover agent acted as an investor to "entrap" Pawlowski in a "pay-to-play" scheme; (3) data from a cell phone belonging to Pawlowski's campaign manager; (4) data from various devices belonging to an employee of Pawlowski's campaign manager; and (5) evidence that Pawlowski's campaign funds were seized to prevent him from using the money to hire counsel. See Dkt. No. 289 at 4-9. The District Court held the motion in abeyance pending the outcome of Pawlowski's direct appeal, then ordered the Government to produce a variety of documents and documentation of the evidence's production during discovery. The Government complied.

[2] Our review is limited to those arguments put forth in Pawlowski's opening brief, and we deem forfeited any other potential challenges to the denial order. See M.S. by & through

2

United States v. Pelullo, 399 F.3d 197, 202 (3d Cir. 2005).  Where a Rule 33 motion is based on newly discovered evidence, the movant shoulders a "heavy burden," see United States v. Brown, 595 F.3d 498, 511 (3d Cir. 2010), of proving five elements: the evidence must be (1) newly and (2) diligently discovered; (3) not merely cumulative or impeaching; (4) material; and (5) capable of "probably" producing an acquittal on a new trial,[3] see United States v. Schneider, 801 F.3d 186, 201-02 (3d Cir. 2015).  "If just one of the requirements is not satisfied, a defendant's Rule 33 motion must fail."  United States v. Kelly, 539 F.3d 172, 182 (3d Cir. 2008)

Despite Pawlowski's general assertions otherwise, most of the evidence discussed on the podcast was produced during discovery, so it was not "newly discovered" as

---

Hall v. Susquehanna Twp. Sch. Dist., 969 F.3d 120, 124 n.2 (3d Cir. 2020) (holding that the appellant forfeited claims by failing to raise them in the opening brief).  Among other issues, Pawlowski has not challenged the District Court's conclusion that it had already resolved his claims regarding two categories of allegedly withheld evidence, and therefore we need not address that conclusion or remand for further proceedings as to it. Pawlowski asserts on appeal that the Government failed to prove all the elements required to support his fraud and bribery convictions, and that his wire and mail fraud conviction should be reversed in light of recent Supreme Court decisions, but he failed to raise those arguments to the District Court, and we will not address them for the first time on appeal.  See United States v. Dowdell, 70 F.4th 134, 146 (3d Cir. 2023).

[3] The Brady standard overlaps with the Rule 33 standard.  See Pelullo, 399 F.3d at 209 (explaining that, to establish a due process violation under Brady, a defendant must show that "(1) evidence was suppressed; (2) the suppressed evidence was favorable to the defense; and (3) the suppressed evidence was material either to guilt or to punishment") (cleaned up).  Therefore, the Government's failure to disclose evidence violates due process, and thus requires a new trial, "only if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different."  United States v. Scarfo, 41 F.4th 136, 228 (3d Cir. 2022) (cleaned up).

required by Rule 33.  See United States v. Cimera, 459 F.3d 452, 461 (3d Cir. 2006)

(explaining that "the evidence must be in fact, newly discovered, i.e., discovered since

the trial").  Before trial, the Government provided the content of conversations between a

confidential source or undercover agent and a public official,[4] information about its use

of an undercover agent posing as a potential developer to gain access to Pawlowski's

associates,[5] and data from Pawlowski's campaign manager's phone and devices

belonging to an employee of the campaign manager.  Further, Pawlowski has not

established that any of this evidence was material.  See generally Lesko v. Sec'y Pa.

Dep't of Corr., 34 F.4th 211, 233 (3d Cir. 2022) (noting that, under Brady, "pure

speculation" is "not enough to show materiality").  The District Court thus properly

concluded that Pawlowski failed to meet his burden under Rule 33.

Pawlowski also argues that his rights under Brady were violated because the

Government failed to disclose that it seized his assets for the purpose of restricting his

ability to acquire counsel of his choice.[6]  To the extent Pawlowski can raise this claim

---

[4] The Government produced only summaries, rather than recordings, of three of those
conversations.  It conceded that it produced neither a recording nor summary of one
conversation, which the District Court reviewed in camera.  The District Court concluded
that the content of those four recordings was "entirely inculpatory," Dkt. No. 344 at 4, so,
even if they were withheld, they were not subject to Brady disclosure, see United States
v. Boone, 279 F.3d 163, 189-90 (3d Cir. 2002).  Pawlowski does not challenge that
conclusion on appeal.

[5] Pawlowski's counsel relied on recordings resulting from this investigatory tactic during
its cross-examination of the campaign manager's employee.

[6] Pawlowski was represented by privately retained counsel throughout his criminal
proceedings and on direct appeal.

4

through a Rule 33 motion, cf. United States v. DeRewal, 10 F.3d 100, 104-05 (3d Cir. 1993) (explaining § 2255 motion was proper vehicle to bring Sixth Amendment claim, not Rule 33 motion), it fails under the relevant standard because Pawlowski has not shown that the reason for seizing his assets is material. See United States v. Walker, 657 F.3d 160, 188 (3d Cir. 2011) ("[T]he touchstone of materiality is a reasonable probability of a different result." (internal quotations and citation omitted)). The District Court also correctly concluded that it was permissible for the Government to seize tainted assets, even if they were intended for the payment of an attorney. See United States v. Monsanto, 491 U.S. 600, 616 (1989) (explaining that "the Government may—without offending the Fifth or Sixth Amendment—obtain forfeiture of property that a defendant might have wished to use to pay his attorney").

We discern no abuse of discretion in the District Court's decision not to hold an evidentiary hearing, especially after the Government produced documentation of its prior discovery disclosures. See United States v. Noel, 905 F.3d 258, 275 n.10 (3d Cir. 2018) (explaining that a district court may forgo a hearing on a Rule 33 motion "where the motion is capable of resolution on the existing record").

Accordingly, we will affirm the judgment of the District Court.[7]

---

[7] Pawlowski's motions to file briefs exceeding the page limits are granted.